## SAPP v. COBB.

Opinion delivered March 23, 1895.

*Usury—What constitutes.*

Under Sand. & H. Dig. sec. 5077, providing that no person or corporation shall, directly or indirectly, receive, in money or other valuable thing, any greater sum or value for a loan than 10 per cent., the acceptance, in payment of interest on a loan, of property which is known to be of greater value than 10 per cent. for the time the money is to be used renders the note given for the principal usurious.

Appeal from Monroe Circuit Court.

JAMES S. THOMAS, Judge.

STATEMENT BY THE COURT.

The appellee, as assignee of a note, recovered judgment upon it, and this appeal is to reverse the judgment for usurious interest, contracted, as the appellant alleges, to be given and taken for the loan of the money for the payment which the note was given; the interest having been paid, as appellants contend, in a gold watch of much greater value than the interest on the money loaned at ten per centum per annum.

The following instruction was refused as asked by the appellants, and was modified as set out below, and given as modified; to all which exceptions were duly saved: "If the jury believe from the evidence that, at the time of the contract for the loan of the money for which the note sued on was given, it was agreed that Goodrich should receive, and he agreed to accept, in money or any other valuable property, in value which made more than ten per cent. per annum on the money loaned for the time it was to be used, the contract is usurious and void, and you should find for the defendants." This instruction was modified by the court to read as follows: "If the jury believe from the evidence

that, at the time the contract for the loan of the money for which the note sued on was given, it was agreed that Goodrich should receive, and he agreed to accept, in money or other valuable property, *for the purpose of evading the usury law*, in value which made more than ten per cent. per annum on the money loaned for the time it was to be used, the contract is usurious and void, and you should find for the defendants. To the refusal to give the instructions as asked the defendant at the time excepted, and to the giving it in a modified form defendants at the time excepted.

*Thos. J. Oliphint* and *W. T. Tucker* for appellant.

1. The court erred in modifying instruction No. 1. If it was the intention of one to receive, and the other to pay, ten per cent. per annum, it is in law a corrupt agreement, and void for usury, whether they knew the interest was usurious or not. 41 Ark. 331; 54 *id.* 566; *Ib.* 40.

2. A loan under the inducement of a promise to make a valuable gift in value more than ten per cent., is usurious whether "for the purpose of evading the usury law" or not. 54 Ark. 155.

3. The verdict is directly contrary to the evidence. 24 Ark. 224. It is totally unsupported by the evidence. 28 *id.* 550.

*Mayo & Norton* for appellee.

1. The instruction, as modified, is the law.

2. The weight of the evidence is in support of the verdict. The jury accepted as true the evidence of Goodrich in preference to that of the Vaughans. They had a right to do so.

HUGHES, J., (after stating the facts). Though not happily framed, the instruction asked for by the appellant embodied a correct proposition of law, and the modification of it was erroneous.

If the maker of the note contracted to give, and the lender of the money to receive, a sum or value in property greater than ten per cent. per annum, for the loan of money, the contract was usurious and void, under the statute, if the value of the property was known to the parties to be greater than the interest at ten per cent. per annum, whether the interest on the money loaned was taken in property "for the purpose of evading the usury law" or not. *Cummins* v. *Wire*, 2 Halst. Ch. 73; *Low* v. *Prichard*, 36 Vt. 183.

Section 5076, Sand. & H. Dig., provides: "The parties to any contract, whether the same be under seal or not, may agree in writing for the payment of interest not exceeding ten per centum per annum on money due or to become due." Section 5077, *Ib.*, provides: "No person or corporation shall, directly or indirectly, take or receive in money, goods, things in action or any other valuable thing, any greater sum or value for the loan or forbearance of money or goods, things in action or any other valuable thing, than in section 5076 prescribed."

For the error indicated the judgment is reversed, and the cause is remanded for a new trial.